IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS GONZALEZ,<br>    *Plaintiff,*<br><br>  v.<br><br>CORRECTIONS OFFICER MARK JORDAN, *et al.*,<br>    *Defendants.* | CIVIL ACTION<br>NO. 20-4962 |

**PAPPERT, J.**                                            March 30, 2021

**MEMORANDUM**

  After *pro se* Plaintiff Carlos Gonzalez's Complaint (ECF 2) was screened pursuant to 28 U.S.C. §1915(e), he was permitted to proceed with his claims against Defendants Mark Jordan and Samantha Scroggins. (ECF 7.) He then filed an Amended Complaint. (ECF 16.) "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (internal citations omitted). Although Plaintiff's original Complaint includes allegations against Jordan (ECF 2 at ECF p. 4-5) and Scroggins (*id.* at ECF p. 6), the same allegations are not included in the document docketed as his Amended Complaint, which includes three sections each bearing the title "Complaint." (ECF 16.)

  Jordan moves for a more definite statement, citing the absence of allegations against him in the Amended Complaint. (ECF 20.) Parties may move for a more definite statement when presented with a Complaint "so vague or ambiguous" that they

"cannot reasonably be required to frame a reasponsive pleading," Fed. R. Civ. P. 12(e). Jordan contends Gonzalez's Amended Complaint is insufficient "to permit [him] to understand what claims are being asserted, what purported rights were violated under any applicable law, and what remedies plaintiff is seeking." (ECF 20-1 at 5.) The Court grants Jordan's motion because the Amended Complaint lacks sufficient detail to permit him to respond to Gonzalez's claims.

Scroggins moves to dismiss Gonzalez's claims against her for failure to state a claim pursuant to Federal Rule of Civl Procedure 12(b)(6). (ECF 23.) She argues Gonzalez has not sufficiently alleged he suffered serious medical harm or that she acted with deliberate indifference to his medical needs.[1] (ECF 23-1 at 7.) To establish a constitutional claim based on the failure to provide medical treatment, Gonzalez must allege facts sufficient to show that Scroggins was deliberately indifferent to his serious

---

[1] Scroggins also contends she was not properly served consistent with Federal Rule of Civil Procedure 4 because "someone other than her was provided the Summons and Complaint at some location other than her workplace. (ECF 23-1 at 8.) The Court has "broad discretion" in deciding whether to dismiss a complaint for insufficient service of process pursuant to Rule 12(b)(5). *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Scroggins, who has filed a motion to dismiss, can be properly served after she confirms her address.

When a pro se prisoner seeks to serve a summons, he "is entitled to rely on service by the U.S. Marshals" once he "has taken reasonable steps to identify the defendants." *Powell v. Symons*, 680 F.3d 301, 310 n.8 (3d Cir. 2012). The Court directed the U.S. Marshals to "serve the summonses, the Complaint (ECF 1), the Court's November 4, 2020 Order (ECF 7), [and] the Amended Complaint (ECF 16)" upon Defendants Mark Jordan and Samantha Scroggins upon receipt of completed USM-285 forms from Plaintiff. (ECF 17.) It appears that the same individual who accepted service of Plaintiff's Complaint on behalf of Defendant Jordan also accepted service on Scroggins's behalf on February 9, 2021. (*See* ECF 18 at 2.) If service at this address was not proper, Scroggins shall confirm to the Court that she is available for service of process at 38 North 4th Street, Allentown Pennsylvania (ECF 23-1 at 1) or shall provide the name and address of an individual authorized to accept service of process on her behalf. The Court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)).

medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An inmate's medical need is "serious" if it results in significant pain, has exposed the inmate to further injury and can cause permanent injury if left untreated. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). A prison official is deliberately indifferent if she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer*, 511 U.S. at 837. In his original Complaint, Gonzalez alleged he had "a bloody eye" after an alleged altercation with correctional officers (ECF 2 at ECF p. 3) and Scroggins "did not properly log the treatment she administered to [him]." (ECF 23-1 at ECF p. 5.) In the Amended Complaint, there are no allegations about Gonzalez's claimed injury or any medical care. (ECF 16.) More is required to state a constitutional claim against Scroggins and the Court grants her motion.

Gonzalez may, however, file a Second Amended Complaint. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.") To proceed with his claims, he must provide Defendants notice of what his claims are and the grounds upon which they rest. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). He must support his claims with "simple, concise, and direct" factual allegations. Fed. R. Civ. P. 8(d)(1). He must include enough facts to "raise a right to relief above the speculative level" and his claims cannot rest on legal labels and conclusory assertions. *Twombly*, 550 U.S. at 555. Moreover, Rule 10(b) requires he "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

There is "an understanding that a court must make reasonable allowances to protect

pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019).  Ultimately, however, those who represent themselves "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Gonzalez does not have a license to freely join defendants[2] and unrelated claims to this litigation, including new claims about library or mail access or claims he has raised in other actions he has filed in this Court.[3]  *See* Fed. R. Civ. P. 20(a)(2) (allowing claims against more than one Defendant only where:  "(A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and (B) Any question of law or fact common to all defendants will arise in the action"); *see also Rainey v. Link*, No. 3:20-CV-58, 2020 WL 1130226, at *2 (M.D. Pa. Mar. 6, 2020) ("Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined Defendants under Rule 20 would circumvent the filing fee requirement of the [Prison Litigation Reform Act].").

    An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2]    Federal Rule of Civil Procedure Rule 15(c) governs whether any amendment adding an entirely new defendant will relate back to the original date of the filing of the Complaint for purposes of the governing statute of limitations.

[3]    An earlier case, *Gonzalez v. Reichley*, Civ. A. No. 20-4831, was dismissed by the Court on November 9, 2020, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  In another case, *Gonzalez v. Russell*, Civ. A. No. 20-4531, Gonzalez has been granted leave to file an amended complaint following the dismissal without prejudice of claims against Kyle A. Russell, Joseph Oscellus, Keith Kowal, Brianna Henry, Woodward, Mike Salters, Doug Mette, Josh Leadbetter, Angel Cristobal, and Robert McFadden.  (*See* Civ. A. No. 20-4531 at ECF 27 and 28.)