IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS GONZALEZ,<br>    *Plaintiff,*<br><br>  v.<br><br>CORRECTIONS OFFICER MARK JORDAN, *et al.*,<br>    *Defendants.* | CIVIL ACTION<br>NO. 20-4962 |

## ORDER

AND NOW, this 30th day of March, 2021, consistent with the accompanying memorandum law it is **ORDERED** that:

1. Defendant Corrections Officer Mark Jordan's Motion for a More Definite Statement (ECF 20) is **GRANTED**;

2. Defendant Samatha Scroggins's Motion to Dismiss (ECF 23) is **GRANTED**;

3. Plaintiff Carlos Gonzalez shall file a Second Amended Complaint on or before **Monday, April 19, 2021**[1];

---

[1] Plaintiff must file a document clearly labeled as his Second Amended Complaint and marked **with this Civil Action Number: 20-4962** (which is separate from his case at Civ. A. No. 20-4531 and his closed case at Civ. A. No. 20-4831). Plaintiff must identify the remaining Defendants in this case in both the caption and the body of the document. His Second Amended Complaint should provide enough information for the Court and Defendants to understand what he claims happened to him. In numbered paragraphs, with each paragraph setting forth one complete allegation against one named Defendant, he shall:

 (1) state whether he is a pretrial detainee or whether he is incarcerated because he has been convicted of a crime;

 (2) describe how each Defendant violated his rights by their action or lack of action;

 (2) state what rights under the Constitution, laws or treaties of the United States have been violated;

4.  Plaintiff's Motion for Further Extension (ECF 25) and his Motion for a time extension (ECF 26) are **DENIED** as moot; and

5.  Defendant Scroggins shall confirm to the Court that she is available for service of process at 38 North 4th Street, Allentown Pennsylvania (*see* ECF 23-1 at 1) or shall provide the name and address of an individual authorized to accept service of process on her behalf on or before **Monday, April 19, 2021**.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

(3)  describe as specifically as possible the actual injury he claims he suffered from the alleged action or inaction of each Defendant;

(4)  to the extent that Plaintiff asserts claims that certain policies or procedures are unconstitutional, he must specifically identify the policy or procedure, and briefly set forth reasons why the policy or procedure violates the Constitution; and

(5)  identify the relief sought from each Defendant as a result of this lawsuit, which must be related specifically to Plaintiff's alleged injuries. However, because the Court's jurisdiction in this case is based on the existence of a federal question, Plaintiff need not plead a specific amount-in-controversy. *See* E.D. Pa. Local R. Civ. P. 5.1.1 ("[N[o pleading asserting a claim for unliquidated damages shall contain any allegation as to the specific dollar amount claimed, but such pleadings shall contain allegations sufficient to establish the jurisdiction of the Court.") The Court will disregard references to specified damages amounts.

Where possible, Plaintiff should refer to relevant dates, times and locations. The Second Amended Complaint must be a new pleading that stands by itself without referring to previous documents filed. Any cause of action alleged in the prior complaints but not alleged in the Second Amended Complaint will be deemed waived.