IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS GONZALEZ,<br>         *Plaintiff,*<br><br>   v.<br><br>CORRECTIONS OFFICER MARK JORDAN, *et al.*,<br>         *Defendants.* | CIVIL ACTION<br>NO. 20-4962 |

**PAPPERT, J.**                                                                                     **January 5, 2022**

## MEMORANDUM

*Pro se* plaintiff Carlos Gonzalez alleges Corrections Officer Mark Jordan[1] violated his constitutional rights during an altercation at the Lehigh County Jail. Jordan moves for summary judgment arguing that Gonzalez failed to exhaust his administrative remedies and that the undisputed facts do not give rise to any constitutional violation. (ECF 45.) Gonzalez opposes the motion[2] (ECF 48) and Jordan responded to his opposition. (ECF 49.) For the reasons that follow, the Court denies Jordan's motion without prejudice.

I

A

On May 4, 2020, Gonzalez and Jordan became involved in a physical confrontation while Jordan was escorting Gonzalez to the Jail's medical department.

---

[1]     Jordan is the only remaining defendant.

[2]     The Court construes Gonzalez's summary judgment "motion" (ECF 48), as his response to Jordan's.

(Def.'s Ex. E, ECF 46 at ECF p. 13.)  Gonzalez "felt a strong urge telling [him] to 'not go'" to medical and reported telling Jordan he wanted "to refuse" because he felt "unsafe."  (*Id.*)  Gonzalez began to physically resist Jordan's escort and attempted to pull away in order to return to his cell.  (*Id.* at ECF p. 11.)  According to Jordan, Gonzalez did not give any prior verbal indication that he no longer wanted medical attention.  (Def.'s Ex. A., ECF 46, ¶ 6.)  There is a video of the incident.  (Def's. Ex. B., ECF 46.)

In a Misconduct Action Report prepared after the incident, Gonzalez was cited for aggravated assault, resisting officer control, simple assault, disruption and refusing to obey a verbal or written order.  (Def.'s Ex. E, ECF 46 at ECF p. 11.)  At a May 6, 2020 hearing, Gonzalez "pled guilty to all charges except agg[ravated] assault" (*id.* at ECF p. 12), but refused to sign the misconduct report.  (*Id.* at ECF p. 14.)  Based on his guilty plea, Gonzalez was placed into disciplinary segregation for forty days.  (*Id.*)

B

Lehigh County Jail's inmate grievance policy requires inmates to exhaust their administrative remedies by filing a formal grievance before filing a lawsuit, and the grievance must be submitted no later than twenty-one days from the triggering event. (Def.'s Ex. I., ECF 46, at ECF p. 33 (Section D. 5)).  Gonzalez submitted a grievance about his alleged treatment by Jordan on September 3, 2020.  (Def.'s Ex. F., ECF 46, at ECF p. 16 (Grievance No. 20-0272).)  It was rejected on procedural grounds because Gonzalez "did not list a date of event" and because the incident with Jordan was on May 4, 2020, more than twenty-one days before.  (*Id.* at ECF p. 17.)

Supervisory staff nevertheless investigated the grievance and found it lacked substance because Gonzalez had "pled guilty . . . to assaulting the Corrections Officer"

and had "received appropriate medical care." (*Id.*)  According to a review of Gonzalez's medical chart in conjunction with his grievance, Dr. Wilson saw him after the incident.  She noted he had an "abrasion over his left eyelid and lower right lower eyelid" with "[n]o subconjunctival hemorrhages."  (Def.'s Ex. G., ECF 46, at ECF p. 19; *see also id.*, at ECF p 24.)

The grievance policy permits inmates to "appeal a grievance restriction decision or a formal grievance decision to the Warden."  (Def.'s Ex. I., ECF 46, at ECF p. 34 (Section F. 1)).  Inmates have seven days from the denial of a grievance to appeal.  (*Id.* (Sections F. 2 and F. 3).)  There is no record evidence as to whether or not Gonzalez had a valid reason to appeal the denial of the September 3 grievance or if he ever did so.  More importantly, the Court cannot discern from the record whether or not Gonzalez timely filed or appealed any other grievances pertaining to this incident.  Nor does the record include an affidavit from a grievance officer or any other prison official resolving these questions.

II

The Prison Litigation Reform Act of 1995 ("PLRA") prevents prisoners from filing suit with respect to prison conditions under Section 1983 "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007).  Proper exhaustion requires an inmate to "complete the administrative review process" in compliance with all applicable procedural rules prior to filing suit in federal court. *Woodford*, 548 U.S. at 88.  To determine whether Gonzalez properly exhausted his claim, the Court must evaluate his "compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by

3

prison officials." *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

Exhaustion is mandatory, *Ross v. Blake*, 578 U.S. 632, 638 (2016), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is "a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (citation and internal quotation omitted); *see also Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) ("[E]xhaustion constitutes a preliminary issue for which no right to a jury trial exists.").

It is Jordan's burden to establish Gonzalez's failure to exhaust because exhaustion is an affirmative defense. *Small*, 728 F.3d at 268. Where a defendant moves for summary judgment based on an affirmative defense, he would bear the burden of proof at trial and must "show that [he] has produced enough evidence to support the findings of fact necessary to win." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007). Jordan maintains Gonzalez did not properly exhaust his administrative remedies because he filed his grievance months after the incident. (ECF 45-1 at 13.) "[A]n untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. *Woodford*, 548 U.S. at 83-84. But on summary judgment, more evidence is required to establish Jordan's affirmative defense than just the grievance form attached to his motion. *See Enoch v. Perry*, No. 19-0026, 2021 WL 6128260, at *4 (W.D. Pa. Dec. 27, 2021) ("Where the plaintiff has missed a step in the grievance process, . . . the defendant should

provide an affidavit from a person with knowledge or a properly authenticated business record affirming factually that the plaintiff failed to properly exhaust."); *see also Jackson v. Superintendent Greene SCI*, 671 F. App'x 23, 24 (3d Cir. 2016) (affirming grant of summary judgment based on failure to exhaust where the defendants submitted the plaintiff's entire grievance file, showing he had not properly complied with the grievance policy's "procedural deadlines and rules"); *Muhammad v. Sec'y Pa. Dep't of Corr.*, 621 F. App'x 725, 727 (3d Cir. 2015) (affirming trial court's finding of failure to exhaust where the defendant "submitted a grievance officer's affidavit attesting that" the plaintiff did not complete the appeal required to reach "the final level of administrative review").  *Cf., Hannah v. Adm'r Albert C. Wagner Youth Corr. Facility,* No. 17-8066, 2020 WL 1864575, at *4 (D.N.J. Apr. 14, 2020) (declining to grant summary judgment on the basis of failure to exhaust where there was "a discrepancy between the [institution's] remedy system as set forth in its Inmate handbook and the materials submitted to the Court" and it was "not clear whether prison authorities responded to [the p]laintiff's grievances").

Moreover, even if Jordan had set forth sufficient evidence to meet his burden, "a district court must – at a minimum – notify the parties that it will consider exhaustion in its role as a fact finder . . . before doing so." *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018).  The parties may thus have "an opportunity to submit materials relevant to exhaustion that are not already before" the Court so the Court can determine whether Gonzalez properly exhausted his remedies.  *Id.*  Jordan may, if appropriate, file a renewed motion for summary judgment based on the affirmative defense of failure to exhaust with additional evidence sufficient to meet his burden, including affidavits

5

or declarations.[3]

Any renewed motion may also reassert Jordan's argument regarding the sufficiency of the evidence underlying Gonzalez's constitutional claims. The Court does not reach that question pending resolution of the exhaustion issue.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[3] "Of course, exhaustion applies only when administrative remedies are 'available.'" *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019). A grievance procedure is not "available" if it "'operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates,' where it is 'so opaque that it becomes, practically speaking, incapable of use,' or 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 643-44. (2016). If Jordan can produce evidence to show Gonzalez "failed to resort to administrative remedies, the onus falls on [Gonzalez] to show that such remedies were unavailable to him." *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018). Gonzalez may respond to any renewed motion with additional arguments or evidence of his own. "[A] single non-conclusory affidavit . . . when based on personal knowledge and directed at a material issue" can defeat summary judgment, *Paladino*, 885 F.3d at at 209, while "conclusory self-serving affidavits" cannot. *Id.* at 208.