IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS GONZALEZ,<br><br>    *Plaintiff,*<br><br>v.<br><br>CORRECTIONS OFFICER MARK JORDAN,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 20-4962 |

**PAPPERT, J.**                                                                                        September 13, 2022

**MEMORANDUM**

    *Pro se* Plaintiff Carlos Gonzalez sued Corrections Officer Mark Jordan for his role in an altercation that occurred while Gonzalez was a pretrial detainee at the Lehigh County Jail. Gonzalez alleges that Jordan used excessive force to stop him from returning to his jail cell and failed to provide medical care for the injuries Gonzalez sustained in the altercation. Jordan moves for summary judgment, and after reviewing the record, the Court grants Jordan's Motion. The undisputed facts show that Gonzalez failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).

I

A

    On the morning of May 4, 2020, Corrections Officer Jordan was escorting inmate Gonzalez from his jail cell to a medical visit. (Second Am. Compl. ¶ 1, ECF 30.) Jordan walked alongside Gonzalez, holding Gonzalez's upper arm. When the pair reached stairs to a lower level, Gonzalez decided that he no longer wanted to receive medical treatment. (*Id.*) He stopped walking and turned back toward his cell. (Lehigh County

1

Jail Camera Footage, Stream 3-C-1 Front at 09:22:41, Def.'s Ex. B, ECF 56-5.) Jordan pushed Gonzalez against the railing and tried to regain his grip on Gonzalez's arms. (*Id.* at 09:22:43.) Gonzalez continued to resist Jordan, and the altercation escalated as the pair reached the stairway platform—Gonzalez more actively fought back against Jordan. (*Id.* at 09:22:47–09:23:10.) Jordan brought Gonzalez to the ground and managed to regain physical control with the help of several other corrections officers. (*Id.* at 09:23:10–26.) Once Gonzalez was subdued, the officers escorted him the rest of the way downstairs to another cell. (*Id.* at 09:25:00–09:25:25; MVR Stream 3-C-2 Front at 09:25:28–09:25:43.)

Gonzalez claims he sustained a black eye, bloody eyes, bruised ribs, and aggravation of preexisting neck and spinal injuries during the altercation. (Second Am. Compl. ¶¶ 2, 3.) He alleges that he did not receive medical attention for these injuries until 6:00 p.m. that day, but the jail medical logs show that he was treated before 1:00 p.m. (*Id.* ¶ 1; Inmate Medical Records at 7, Def.'s Ex. G, ECF 57.) At the disciplinary hearing on the altercation, Gonzalez pleaded guilty to resisting officer control, simple assault, disruption and refusing to obey a verbal or written order. (Misconduct Action Report at 1, Def.'s Ex. E, ECF 56-5.)

B

Gonzalez filed his second amended complaint on April 19, 2021. Jordan filed his first motion for summary judgment on September 20, 2021, and Gonzalez responded two days later. (ECF 45, 48.) The Court denied the motion because Jordan had not produced enough evidence to support his failure-to-exhaust defense, and the parties had not had sufficient notice and opportunity to address exhaustion as required by

*Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018).  (ECF 52, at 5.)  Jordan filed this renewed Motion for Summary Judgment on February 3, 2022.  Despite having the benefit of ample notice that the Court would consider exhaustion and that failure to exhaust could be fatal to his claims, Gonzalez has not responded.[1]

## II

### A

When a party fails to respond to a motion for summary judgment, the Court may treat the motion as uncontested.  *See* E.D. Pa. L. R. Civ. P. 7.1(c).  An uncontested motion for summary judgment is not automatically granted; the Court must make an independent determination, based on the record before it, that the movant is entitled to judgment under Rule 56.  *See Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990).

Summary judgment is proper if there is no genuine dispute of material fact and if, viewing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in his favor, the moving party is entitled to judgment as a matter of law.  *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002); *see also* Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists when "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

---

[1] Gonzalez notified the Court on February 2, 2022 that his address had changed, and Jordan's renewed Motion was sent to the new address.  In scheduling a recent call in another case brought by Gonzalez, he confirmed this was still his address.  *Gonzalez v. Daly*, No. 20-4531, ECF 63, 65.

B

The PLRA requires inmates to exhaust their administrative remedies before filing a claim under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Exhaustion is "a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (citation, emphasis and internal quotation omitted). Although exhaustion is mandatory, "[f]ailure to exhaust is an affirmative defense that the defendant must plead and prove." *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020). A defendant who moves for summary judgment based on an affirmative defense would bear the burden of proof at trial, and therefore must "show that [he] has produced enough evidence to support the findings of fact necessary to win." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007).

The individual prison's grievance procedures supply the requirements for administrative exhaustion. *Downey*, 968 F.3d at 305. Under the Lehigh County Jail's inmate grievance policy, an inmate must submit a formal grievance within twenty-one days of the triggering incident. (Inmate Grievance Policy at 4, Def.'s Ex. I, ECF 56-5.) If the grievance is denied, the inmate must appeal the denial within seven days to exhaust administrative remedies. (*Id.* at 5).

The record shows—and Gonzalez does not dispute[2]—that Gonzalez filed a grievance relating to this altercation on September 3, 2020. (Inmate Grievance at 1,

---

[2] Even if there were a dispute, district courts are permitted to find facts relevant to exhaustion provided it gives the parties notice of its intent to do so and an opportunity to respond. *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018). In its memorandum denying Jordan's first summary

Def.'s Ex. F, ECF 56-5.) The Grievance Coordinator rejected the grievance on procedural grounds because it was filed after the twenty-one-day deadline. (*Id.* at 2.) Supervisory staff nevertheless investigated the incident and concluded that it lacked substance because Gonzalez had "pled guilty . . . to assaulting the Corrections Officer" and "received appropriate medical care." (*Id.*) With his renewed Motion, Jordan submitted the affidavit of Warden Kyle A. Russell. (Def.'s Ex. J, ECF 56-5.) In it, Warden Russell attested, based on his review of Gonzalez's entire grievance file from his time at Lehigh County Jail, that Gonzalez did not appeal the rejection of his September 3, 2020 grievance. (*Id.* at ¶¶ 10, 15.) Russell also stated that Gonzalez did not file any other grievance relating to the May 4, 2020 altercation. (*Id.* at ¶ 14). Gonzalez does not dispute these statements, nor is there any evidence to the contrary in the record.

"[A]n untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006). The undisputed facts establish that Gonzalez failed to file a grievance within the twenty-one-day timeframe and then failed to appeal the rejection. He has not satisfied the PLRA's prerequisites for filing suit.

An appropriate Order follows.

---

judgment motion, the Court stated that it would consider exhaustion if Jordan were to raise it in a renewed motion for summary judgment. (ECF 52 at 5.)

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.